IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**MARQUI STITH SR.,** individually and on behalf of all others similarly situated,

**Plaintiff**,

**v.**

**TIPS EAST, LLC,** et al.

**Defendants**.

**Case No. 1:21-cv-436-LO-IDD**

# NOTICE OF COLLECTIVE AND CLASS ACTION SETTLEMENT AND FINAL APPROVAL HEARING

---

**To: All persons who worked for Tips East, LLC at its Domino's pizza stores in North Carolina and Virginia as delivery drivers at any time [three-years prior to through the date the Court grants Preliminary Approval of this Settlement].**

**You are receiving this Notice in connection with the above-captioned lawsuit. This notice explains the settlement of this lawsuit and your options.**

## 1. Introduction

This matter is asserted against Defendant Tips East, LLC d/b/a "Domino's Pizza" ("Defendant") alleging violations of wage and hour law under the Fair Labor Standards Act ("FLSA") and North Carolina and Virginia state law for failure to properly reimburse delivery drivers for driving expenses.

The parties have agreed to settle these claims. Plaintiff's principal reason for entering into the Settlement Agreement is that it provides a substantial cash benefit to the class of delivery drivers who file a claim form and a minimum payment to those drivers who take no action without the risk or delays of further litigation. The benefit provided under the settlement must be balanced against the risk of a smaller recovery – or, indeed, no recovery at all – if this lawsuit proceeds, which includes the likelihood of appeals that could last many months, or even years, into the future.

Defendant denies the allegations in the lawsuits and asserts that it did not violate any wage and hour laws and denies that any damages are owed. Defendant is entering in this Settlement to avoid the risk, uncertainty, burden, and expense of further litigation.

## 2. The Settlement's Terms And Calculation of Payments

Under the Settlement, which the Court has preliminarily approved, the Defendant agrees to pay up to $450,000.00 (the "Maximum Settlement Amount") to resolve all of the claims raised in the lawsuit. Settlement Amounts will be based on a share of the Net Settlement Amount, meaning the Maximum Settlement Amount less expenses, claims administration fees (not to exceed $10,000.00), service awards (not to exceed $5,000.00), up to one-third of the total settlement amount ($150,000.00) in attorneys' fees and litigation costs (not to exceed $10,000.00) to Plaintiff's Counsel, if approved by the Court, more fully described below.

Your potential settlement payment will be calculated based on (1) whether you return the attached Claim Form and Consent to Join ("Claim Form"), and (2) the miles you drove for the Defendant during the periods listed above. To determine individual payouts, Defendant has provided Plaintiff's counsel with the miles driven by each delivery driver during the relevant time period.

Your settlement payout will depend on

(1) whether you choose to opt-in to this matter to participate as an FLSA Class Member, or
(2) do nothing to participate as a Rule 23 Class Member:

**FLSA Class Members**. Settlement Class Members who submit a valid Claim Form will receive a pro rata share of the amount of the $275,000.00 Net Settlement Amount based on miles driven with a minimum payment of at least $50.00. Any checks unclaimed after 180 days will be retained by Defendant.

**Rule 23 Class Members**. Settlement Class Members who do not submit a claim, but do not exclude themselves (opt-out) from the Settlement, are to receive a minimum payment of at least $50.00, to be paid out of the Net Settlement Fund. Any checks unclaimed after 180 days will be retained by Defendant.

This Notice contains only a summary of the Settlement's terms. You may obtain a full copy of the Settlement Agreement by contacting the Claims Administrator, listed below.

## 3. What are my options?

You have the following options:

| Action You Can Take | Details |
|---|---|
| **Submit a Claim Form by [50 days from the date of mailing] to join the FLSA Class.** | If you submit a claim form by [insert date 50 days after mailing] you will receive the greater of the minimum settlement payment of at least $50.00 or your pro rata share of the FLSA Fund and you will release all claims asserted on your behalf arising under applicable federal law. |
| | If you do not submit a claim form by [insert date 50 days after mailing], you will still receive a minimum settlement payment of at least $50.00 and you will release |

| | |
|---|---|
| **Do Nothing to remain a member of the Rule 23 Class.** | all claims asserted on your behalf arising under applicable state law, as set forth herein unless you choose to opt out of the settlement. |
| **Opt-Out from the settlement by [50 days from the date of mailing].** | If you opt out of the Settlement, you waive any benefits due to you under the Settlement. You will not, however, be bound by the release and can pursue your own individual claims against Defendant relating to the claims raised in this Lawsuit. To opt out, you can timely and properly submit an Opt-Out Notice described below by [50 days from date of mailing]. |
| **Object to the settlement by [30 days from the date of mailing].** | If you object to the proposed Settlement, in whole or in part, you may (but are not required to) write to the Court and explain why you object. You cannot object to the Settlement unless you are a Class Member and you did not previously submit a request to opt out from the Settlement. If you object to the Settlement, you must file a written objection with the Clerk of Court's Office as described below. If you submit a written objection by [30 days from date of mailing], you may (but do not have to) attend the Settlement Fairness Hearing and, at the discretion of the Court, may speak to the Court about your objection. |

## 4. Why did I get this notice?

Records show that you currently or previously worked for the Defendant as a delivery driver during the Class Period. The Court has authorized mailing of this notice regarding the settlement of a collective and class action lawsuit that may affect you. You have legal rights and options that you may exercise in this case. The lawsuit is titled *Stith Sr. v. Tips East, LLC d/b/a "Domino's Pizza,"* Case No. 1:21-CV-436-LO-IDD and is filed in federal court in the United States District Court for the Eastern District of Virginia.

## 5. Can my employer fire me or retaliate against me if I take part in the case?

The law strictly forbids any employer from retaliating against you for participating in the Lawsuit. Retaliation is illegal, and you could be entitled to additional money should a court determine that the Defendant took any adverse action against you because you joined this lawsuit. If you experience any retaliation, you should report it immediately to Class Counsel (identified below) or another attorney of your choice.

## 6. How do I receive a payment?

If you want to be eligible to receive a payment based on the miles you drove for Defendant, you must submit a Claim Form by [50 days after mailing date]. **If you do not properly complete and**

**return the Claim Form in a timely manner, you will only receive a minimum payment from the settlement.**

**THE CLAIM FORM MUST BE COMPLETED, SIGNED, AND RETURNED TO THE CLAIMS ADMINISTRATOR BY MAIL, FAX, OR EMAIL AT THE ADDRESSES/NUMBER SET FORTH BELOW WITHIN 50 DAYS OF THE DATE THAT THIS NOTICE AND THE CLAIM FORM WERE MAILED TO YOU. THEREFORE, FOR YOUR CLAIM TO BE CONSIDERED TIMELY, YOUR CLAIM FORM MUST BE POSTMARKED OR RECEIVED NO LATER THAN [50 DAYS after mailing date]. CLAIMS POSTMARKED OR RECEIVED AFTER THAT DATE WILL BE DEEMED UNTIMELY AND YOU MAY ONLY BE ELIGIBLE FOR A MINIMUM SETTLEMENT PAYMENT.**

Claim Forms must be mailed, faxed, or emailed to:

**CAC Services Group, LLC**
6420 Flying Cloud Dr., Suite 101
Eden Prairie, MN 55344
Telephone; 886-602-2260
Fax: 888-495-9746
info@cacsg.com

Please follow the directions on the enclosed Claim Form and Release carefully. If you require claims administration assistance, please contact the class administrator above. As used in this Notice and the Settlement Agreement, a member of the Class who submits a valid, timely claim, and executes the enclosed Claim Form and Release, is called an "Authorized Claimant."

If you submit a claim, you will receive your share of the FLSA settlement fund in the form of a check in the mail. By submitting a claim, you agree to the following release of claims recited on the settlement check:

> By signing and cashing or otherwise negotiating this check I release all claims or causes of action I have against the Released Parties in the lawsuit styled *Marqui Stith Sr. v. Tips East, LLC d/b/a "Domino's Pizza,"* Case No. 1:21-cv-436-LO-IDD (the "Action") for the claims arising out of or relating to facts asserted in the Action, including claims arising under the FLSA, North Carolina and Virginia wage and hour law or common law, or any similar federal, state, municipal, or local laws, such as mileage reimbursement claims, meal and rest break claims, dual jobs/80-20 claims, tip credit claims, and notification, posting and record claims. I understand and agree that the negotiated check shall constitute evidence of my consent to join the Lawsuit pursuant to §216(b) of the FLSA.

## 7. What happens if I do nothing?

If you do not submit a claim, but do not opt-out of the settlement, you will still be bound by a release of applicable state wage and hour claims recited on the settlement check:

> By signing and cashing or otherwise negotiating this check I release all claims or causes of action I have against the Released Parties in the lawsuit styled *Marqui Stith Sr. v. Tips East, LLC d/b/a "Domino's Pizza,"* Case No. 1:21-cv-436-LO-IDD (the "Action") for the claims arising out of or relating to facts asserted in the Action, including claims arising under North Carolina and Virginia wage and hour law or common law, or any similar state, municipal, or local laws, such as mileage reimbursement claims, meal and rest break claims, dual jobs/80-20 claims, tip credit claims, and notification, posting and record claims.

## 8. How do I opt-out of the settlement?

You may exclude yourself from the Class. If you wish to be excluded from this Settlement, you will not receive any share of the settlement and you will retain all rights you have against Defendant. To be excluded, you must submit an Exclusion Letter to the settlement claims administrator no later than [50 days after mailing date]. To be valid, the Exclusion Letter must contain your name, address, email address, telephone number, a statement clearly indicating your desire to opt-out of the settlement, and your signature. If you wish to exclude yourself, you must timely send the above-described letter to:

CAC Services Group, LLC
6420 Flying Cloud Dr., Suite 101
Eden Prairie, MN 55344
Telephone; 886-602-2260
Fax: 888-495-9746
info@cacsg.com

**Any member of the Settlement Class (which includes you) who does not submit a valid and timely Exclusion Letter shall be bound by all the terms and conditions of the settlement, including, without limitation, the releases provided for in the Settlement Agreement and any Final Judgment entered by the Court, whether or not that member of the Settlement Class submits a Claim Form and Release.**

## 9. How do I object to the Settlement?

Class Members may also object to the Settlement in whole or in part. Objections must be made in writing and filed, together with copies of all papers and briefs supporting the objection, with the Clerk of Court on or before [30 days from the date of mailing]. You must also serve the papers on Class Counsel and Defendants' Counsel at the addresses below so that the papers are ***received*** on or before [____________________].

| **Clerk's Office** | **Class Counsel** | **Defendants' Counsel** |
|---|---|---|
| United States District Court<br>Eastern District of Virginia<br>401 Courthouse SquareAlexandria, VA 22314 | J. Forester<br>Katherine Serrano<br>Forester Haynie PLLC<br>400 N. St. Paul Street<br>Suite 700<br>Dallas, TX 75201<br>(214) 210-2100<br>info@foresterhaynie.com<br><br>Gregg Greenberg<br>Zipin, Amster & Greenberg<br>8757 Georgia Avenue<br>Suite 400<br>Silver Spring, MD 209010<br>(301) 587-9373<br>ggreenberg@zagfirm.com | Constantinos Panagopoulos<br>Ballard Spahr LLP (DC)<br>1909 K Street NW<br>12th Floor<br>Washington, DC 20006<br>(202) 661-2202<br>cgp@ballardspahr.com |

Any objection to the Settlement must (a) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector, (b) contain a statement of the Class Member's objection(s) and the specific reasons for each objection, including any legal or evidentiary support the Class Member wishes to bring to the Court's attention, and (c) must include documents sufficient to prove the objector's membership in the Class, such as proof of employment. You may not object to the Settlement if you are not a Class Member. If you do not comply with these requirements prior to _______, you *waive your right to object* to the settlement.

You may file a written objection without having to appear at the Settlement Fairness Hearing. You may not, however, appear at the Settlement Fairness Hearing to present your objections unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, and if you file and serve a timely written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Class Counsel and Defendants' Counsel at the addresses set forth above so that it is ***received*** on or before ______________. Persons who intend to object and desire to present evidence at the Settlement Fairness Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Fairness Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Class Counsel and Defendants' Counsel at the addresses set forth above so that the notice is

***received*** on or before ______________. The Settlement Fairness Hearing may be adjourned by the Court without further written notice to the Class. Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement.

**10. Do I have a lawyer in this case?**

Plaintiff and the class are represented by J. Forester of Forester Haynie PLLC, 400 N. St. Paul Street, Suite 700, Dallas, TX 75201 and Gregg Greenberg of Zipin, Amster & Greenberg, 8757 Georgia Avenue, Suite 400, Silver Spring, MD 209010.

If you have questions or need additional information, please contact Plaintiff' Counsel at 214-210-2100 or info@foresterhaynie.com.

**11. How will the lawyers be paid? How will costs be paid?**

Class Counsel has not received payment of any attorney's fees or expenses incurred in representing the Class. Per Class Counsel's representation agreements with the Class Representative and under the terms of the Settlement Agreement, Class Counsel intends to ask that the Court for an attorneys' fees award of 1/3 of the total settlement amount of $150,000.00 and reimbursement of expenses in an amount not to exceed $10,000.00. In addition, Class Counsel will seek incentive awards of $5,000.00 total for the Class Representative and Early Opt-In Plaintiff(s). If approved, this amount will come from the settlement fund allocated to Class Members. The Court has preliminarily approved Plaintiff's counsel's request for attorneys' fees, expenses, and the incentive award. You may also hire your own attorney to represent you in this matter. If you do, it will be at your own expense.

**12. When and where will the Court decide whether to approve the Settlement?**

The Court will determine whether to approve this Settlement. In order to do so, the Court will conduct a Settlement Fairness Hearing on [______________]. Although you may attend this hearing, you do ***not*** need to attend this hearing in order to participate in the Settlement. At the hearing, the Court will determine:

(a) Whether the proposed settlement is fair, reasonable, and adequate;
(b) whether the lawsuit should be dismissed with prejudice;
(c) whether Class Counsel's request for an award of attorney's fees and expenses should be finally approved; and
(d) any other relief that the Court deems necessary.

The Court may approve the Settlement and/or any other related matter at or after the Settlement Fairness Hearing without further notice to Class Members.

***

**Please Direct Any Questions Regarding this Notice to the Claims Administrator or Class Counsel:**

| **Claims Administrator**<br>CAC Services Group, LLC<br>6420 Flying Cloud Dr., Suite 101<br>Eden Prairie, MN 55344<br>Telephone; 886-602-2260<br>Fax: 888-495-9746<br>info@cacsg.com | **Class Counsel**<br>J. Forester<br>Katherine Serrano<br>Forester Haynie PLLC<br>400 N. St. Paul St.<br>Suite 700<br>Dallas, TX 75201<br>(214) 210-2100<br>info@foresterhaynie.com<br><br>Gregg Greenberg<br>Zipin, Amster & Greenberg<br>8757 Georgia Avenue<br>Suite 400<br>Silver Spring, MD 209010<br>(301) 587-9373<br>ggreenberg@zagfirm.com |
|---|---|

**13. Please keep your address current.**

Unless you elect to exclude yourself from the Settlement, you will be mailed a check for your portion of the Settlement. For that reason, it is important that you keep you mailing address current. If your mailing address changes, please inform the Claims Administrator.